# UNITED STATES DISTRICT COURT
## for the
## Middle District of Pennsylvania
## _____ Division

| | |
|---|---|
| Kevin Bertram<br>Plaintiff(s)<br>(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)<br><br>-v-<br><br>Gregory Briggs<br>Defendant(s)<br>(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) | Case No. _____<br>to be filled in by the Clerk's Office<br><br>Jury Trial:<br>(check one) ☐ Yes ☐ No<br><br>FILED<br>HARRISBURG, PA<br>JUL 27 2020<br>PER ___MW___<br>DEPUTY CLERK |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedures 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis

I. The Parties to this Complaint

   A. The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Kevin Bertram

   Address: Dauphin County Prison, 501 Mall Road, Harrisburg PA 17111

   B. The Defendant(s)

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

   Defendant.

   Name: Gregory Briggs

   Job or Title: Warden

   Address: 501 Mall Road, Harrisburg PA 17111

   ☐ Individual capacity    ☑ Official capacity

II. Basis for Jurisdiction

Under 42 U.S.C. §1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

   A. Are you bringing suit against (check all that apply)

      ☐ Federal officials (a *Bivens* claim)

      ☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials? — Plaintiff alleges violations of his rights to substantive due process and to equal protection of the laws pursuant to the <u>Fourteenth Amendment</u>, and to be free of cruel and unusual punishment pursuant to the <u>Eighth Amendment</u>. Plaintiff further alleges that the Warden Gregory Briggs violated Plaintiff's rights under the <u>Eighth Amendment</u> by failing to maintain a safe environment and provide proper accomodations to prisoners.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statue, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."

42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. The defendant is liable for the reason that he is guilty of conscious indifference to plaintiff's danger and of wanton infliction of unnecessary pain. The general requirement that a U.S. Const. amend VIII claimant allege and prove the unnecessary and wanton infliction of pain should also be applied with due regard for difference in the kind of conduct against which an amend VIII objection is lodged. Deliberate indifference to a prisoner's serious illness or injury can typically be established or disproved without the necessity of balancing competing institutional concerns for the safety of inmates. A person acts under color of state law for purposes of 42 U.S.C.S. §1983 when he exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. Generally, a public employee acts under color of state law while acting in his official capacity or while

exercising his responsibilities pursuant to state law. Violations of state law standing alone do not afford a basis for relief in federal civil rights litigation. An essential element of any claim is that the challenged conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States 42 U.S.C.S. §1983. However, state regulations can sometimes give rise to liberty interests that are protected by the Fourteenth Amendment. If the state law at issue creates a liberty interest such that a violation may be cognizable under 42 U.S.C.S. §1983. A defendant must have violated such a right for liability to attach.

III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as names of other persons involved in the events giving rise to your claims. Do not cite any cases of statues. If

more than one claim is asserted, number each claim and write a short and plain statement of each claim in a seperate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur? In the shower stall on the second tier of D-Block in Dauphin County Prison.

B. What date and approximate time did the events giving rise to your claim(s) occur? On and about September 18, 2019 approximately 2:00pm evening time.

C. What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?) Because of the conditions of confinement at Dauphin County Prison the result in cruel and unusual punishment. The shower stalls are hardly ever cleaned with no place mats or stationary hold-bars for walking and balance support when shower floor is left unclean, with soap stuck to the floor surface, soap scum made me slip and fall onto my back, injuring my right ankle (hard-sprain) and causing permanent injury to my lower

and upper back. Dauphin County Prison staff are careless and openly negligent resulting in many accidents. The deprivation of proper food, exercise (rehabilitative), medical care, and reasonably safety, and the deliberate indifference of the defendant in concern to these and other deprivation, is explicitly the type of conduct forbidden by the 8th Amendment. As a result of the above, Plaintiff contends the he suffers yet, from pain, fatigue, and emotional grief and stress. Because of my slip and fall in the shower on second tier at Dauphin County Prison, the Warden, (Defendant) knowingly delayed proper medical and psychological treatment, then immediately moved the Plaintiff out of the dayroom to a top-tier cell after injury was sustained. The Defendant improperly delayed ordering of x-rays and also promised to send Plaintiff out for MRI, but appears to contend the Defendant misinformed Plaintiff concerning the MRI in an effort to negate the responsibility to provide appropriate treatment. Two bone-spurs were accumulated in the process of the Plaintiff having to struggle with hopping up and down the steps at Dauphin County prison's D-Block second tier without the support of a cane or a crutch.

Plaintiff further asserts that Defendant's neglect added further injury with lack of medical attention and psychological treatment. As a result of the above, Plaintiff alleges that he was forced to endure unnecessary pain and suffering and mental distress. The allegations, which must be taken as true at this point, suggest that Defendant acted with deliberate indifference to Plaintiff's serious medical conditions.

IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

The injuries sustained in the related events was a Hard-Sprain, two bone spurs chipped and left hip, shoulder and thoracic spine as a result of a slip and fall. X-rays were finally taken on the premises of Dauphin County Prison's Prima Care Medical, then further X-rays were taken by Hershey Medical Center. Two visits to Hershey Medical Center for Physical Therapy. Still no MRI done as of yet.

V. Relief

State briefly what you want the courts to do for you. Make no legal arguments. Do not cite any cases or statues. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

As a result of the above, Plaintiff contends that he suffered and suffers yet, from pain, fatigue, and emotional grief and stress. Plaintiff requests "$1.9 million dollars in relief" and "seeks punitive damages in the amount of $1.5 million dollars, to discourage future willful indifference, negligence, and cruel misconduct." The basis for these claims |the the Warden of Dauphin County Prison are carelessly and openly negligent resulting in many accidents, this coupled with brazen willful indifferent attitude, and them against us mentality, results in constructive and actual punishment over and over. The deprivation of proper food, exercise (rehabilitative), medical care, and reasonable safety, and the deliberate indifference of the Defendant in concern to those and other deprivation, is explicitly the type of

conduct forbidden by the 8th Amendment.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: July 22, 2020

Signature of Plaintiff        ALL RIGHTS RESERVED
Printed Name of Plaintiff: Kevin Bertram
                           Inmate ID 95243
                           Dauphin County Prison
                           501 Mall Road
                           Harrisburg PA 17111



NAME Kevin Bertram
D.C.P.# 95243
DAUPHIN COUNTY PRISON
501 MALL ROAD
HARRISBURG, PA 17111-1299

RECEIVED
HARRISBURG, PA
JUL 27 2020
PER _____ DEPUTY CLERK

Peter J. Welch, Clerk U.S. District Court
U.S. Courthouse
Federal Building
228 Walnut St.
Harrisburg, PA 17108